## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

JAMES McCUSKER,                                    :
                                                   :
                  Plaintiff,                       :  Civil Action No. 14-5670
                                                   :
          - v. -                                   :
                                                   :  The Honorable Nitza I. Quiñones-
HIBU PLC,                                          :  Alejandro
HIBU INC.,                                         :
MIKE POCOCK,                                       :
TONY BATES,                                        :
BOB WIGLEY,                                        :
ELIZABETH G. CHAMBERS,                             :
JOHN COGHLAN,                                      :
TOBY COPPEL,                                       :
CARLOS ESPINOSA de los MONTEROS,                   :
KATHLEEN FLAHRETY,                                 :
RICHARD HOOPER, and                                :
BOB GREGERSON                                      :
                                                   :
                  Defendants.                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS HIBU INC., HIBU PLC,
AND MICHAEL POCOCK'S JOINT MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

**ARGUMENT** .................................................................................................. 1

**I.**     **PLAINTIFF'S EMPLOYMENT AGREEMENT IS VALID AND
          INCLUDES AN ENFORCEABLE FORUM SELECTION CLAUSE.** ...................... 1

**II.**    **THE COMPLAINT FAILS TO STATE A CLAIM FOR DEFAMATION** ................ 4

**CONCLUSION** ............................................................................................. 8

Plaintiff's Response fails to address, let alone rebut, the reasons his Complaint fails and should be dismissed. Plaintiff asks this Court to: (1) ignore the binding forum selection clause in his Employment Agreement, and (2) treat an employer's privileged statements in connection with his termination as grounds for defamation. But to do so, Plaintiff would have this Court disregard not only the facts alleged in his Complaint, but also controlling precedent and well-settled law, as the authorities cited in Defendants' Motion establish. Defendants maintain that Plaintiff's maneuvers cannot evade the facts and the law, and, accordingly, respectfully request that the Complaint be dismissed.

## ARGUMENT

### I.   PLAINTIFF'S EMPLOYMENT AGREEMENT IS VALID AND INCLUDES AN ENFORCEABLE FORUM SELECTION CLAUSE.

Plaintiff's argument that the Court should not enforce the binding and valid forum selection clause in his Employment Agreement rests on three fallacies: (1) it misstates United States Supreme Court precedent, (2) unduly narrows the application of the Employment Agreement's forum selection clause, and (3) asks this Court to find that hibu Inc. is not a party to the Employment Agreement, even though the Complaint itself states the opposite.

***First***, contrary to Plaintiffs' argument, the United States Supreme Court in *Atlantic Marine Construction Co. v. United States District Court*, 134 S. Ct. 658 (U.S. 2013) did ***not*** hold that forum selection clauses must be enforced using a Rule § 1404(a) motion to transfer rather than through a motion to dismiss. (*But see* Response at 5 ("forum selection clause[s] may only be enforced pursuant to by [sic] a motion to transfer under § 1404(a)")). Plaintiff's synopsis is completely wrong. The Supreme Court in *Atlantic Marine* explicitly refrained from ruling on whether a Rule 12(b)(6) motion could be used to enforce a forum selection clause:

> Petitioner, however, did not file a motion under Rule 12(b)(6), and the parties did not brief the Rule's application to this case at any stage of this litigation. ***We***

***therefore will not consider it.*** Even if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change our conclusions that §1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause and that §1404(a) and the forum non conveniens doctrine provide appropriate enforcement mechanisms.

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013) (emphasis added).[1]   In addition, Plaintiff simply *ignores* the Second and Third Circuit precedent cited in the Motion to Dismiss, all of which hold that it is appropriate to enforce a forum selection clause through a Motion to Dismiss.  *See, e.g., TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011); *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001); *Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1988). As set forth in those authorities, courts routinely grant Rule 12(b)(6) Motions to Dismiss in these circumstances based on forum selection clauses; Plaintiff cites no authority to the contrary.

***Second***, Plaintiff incorrectly suggests that the forum selection clause does not apply because "the defamation claim is not related to, or depend [sic] on the existence of, the [Employment] Agreement."  (Response at 7)  But Paragraph 20 of the Employment Agreement states, "[A]ny legal action or proceedings between them relating to this Agreement shall be brought in the courts of the State of New York."

The Supreme Court's *Atlantic Marine* decision provides useful guidance on how courts should interpret the scope of a forum selection clause:

The 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.' …. For that reason … '***a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases***.'

---

[1]   Plaintiff also cites *Barilotti v. Island Hotel Co.*, 2014 U.S. Dist. LEXIS 62455 (S.D.Fla. May 6, 2014), which does not address the use of Rule 12(b)(6) at all, but only references Rule 12(b)(3) Motions to Dismiss.  In *Barilotti*, the District Court for the Southern District of Florida dismissed the plaintiff's claims pursuant to the doctrine of *forum non conveniens*, because the complaint was filed in violation of an enforceable forum selection clause.

*Atl. Marine*, 134 S. Ct. at 581 (*quoting Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) (Kennedy, J., concurring).  Plaintiff's Complaint here does not present any such "exceptional case" that should lead the Court to disregard this well-settled rule.

Plaintiff's defamation claim is based on an internal corporate communication sent to inform employees that two senior executives of the company had been terminated and replaced, and that reporting responsibilities had accordingly been reassigned.  Termination for cause is expressly referenced in Paragraph 7 of the Employment Agreement, and, of course, termination is an inherent part of Plaintiff's employment.  The statements that Plaintiff refers to as "defamation" are clearly subsumed into the scope of his Employment Agreement because these statements are communications concerning the termination of his employment.

***Third***, Plaintiff makes the baffling argument that his Employment Agreement -- which he attaches and relies on in his Complaint and which forms the basis for his Pennsylvania wage claim -- is somehow also unenforceable.  (*Compare* Compl. at ¶97 *with* Pl. Response at 6) Plaintiff's Complaint states, "When Mr. McCusker was promoted to the position of President of hibu Inc. in April of 2012, ***he entered into an employment agreement with hibu Inc.***" (Compl. at ¶97) (emphasis added).  However, Plaintiff's Response asserts, "No Defendant, least of all no moving Defendant (hibu, PLC or Pocock) are even parties or signatories to the agreement."  (Pl. Response at 6).  Directly contrary to the allegations of his Complaint -- taken as true (and in fact, true) for these purposes -- Plaintiff expects this Court to ignore that hibu Inc. was a party to this agreement and is a moving defendant here, as is Mr. Pocock - hibu's former CEO.

Plaintiff now contends that the Employment Agreement cannot be enforced because it is an agreement between Plaintiff and Yellowbook Inc., and not hibu.  This argument directly contradicts the Complaint's allegations.  (Compl. at ¶97 ("[Plaintiff] entered into an employment

3

agreement with hibu Inc.")  This is a deliberate distortion of reality.  Moreover, to the extent there remains any question about the baselessness of this argument, publically available documents filed with the Delaware Secretary of State show that Yellowbook Inc. officially changed its name to hibu Inc. on January 16, 2013.  (*See* Exhibit 1, Certificate of Amendment of Certificate of Incorporation of Yellowbook Inc.)

When considering a Motion to Dismiss, this Court should accept all well pled facts in the Complaint as true.  *See Mariotti v. Mariotti Bldg. Prods., Inc.*, 714 F.3d 761, 764-65 (3d Cir. 2013).  The Court need not entertain arguments which directly contradict the factual allegations of a complaint and which are patently false based on facts of which the Court may take judicial notice.  Plaintiff's Complaint specifically states that he "entered into [this] employment agreement with hibu Inc."  (Compl. at ¶97)  This Court should pay no heed to Plaintiff's confusing attempt to play hide the ball in his Response.  Plaintiff cannot claim to have an enforceable contract in his Complaint, and base his Pennsylvania wage claim on that contract, only to argue in the next breath that the contract is unenforceable.

Accordingly, Defendants respectfully request that the Court dismiss Plaintiff's Complaint because it was filed in the wrong court, directly contrary to the terms of the valid and binding forum selection clause in his Employment Agreement.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM FOR DEFAMATION.

Plaintiff's argument that the internal communication to hibu's employees of his termination can support a claim for defamation: (1) ignores the numerous authorities holding that employers have a privilege and right to communicate to its employees the fact of an employee's termination, (2) alleges malice where the facts alleged in the Complaint establish otherwise, and (3) claims that the company's stated opinions of the reasons for his termination are defamatory, when such statements of opinion cannot support a claim for defamation.

*First*, Plaintiff fails to address, let alone rebut, the numerous authorities cited in Defendants' Motion to Dismiss which hold that employers have a privilege to explain the circumstances of a termination to their staff.  *See* Motion to Dismiss at 8-10; *Turner v. Fed. Express Corp.*, 539 F. Supp. 2d 404, 409 (D.D.C. 2008); *Hoffman v. Roberto*, 578 N.E.2d 701, 709 (Ind. Ct. App. 1991).  Employers do not violate this privilege ***even when the explanation itself is incorrect.***  *See Jarrett v. Goldman*, 2005 WL 1323115, No. 04-779, *3 (Va. Cir. Ct. 2005) ("[O]ne can arguably prove whether [the statement at issue] is true or false.  But the Court need not reach that issue if the allegedly defamatory statement is privileged.").

The email advising of Plaintiff's termination was on its face an official corporate communication to hibu's employees advising of a change in senior management and the reorganization of management roles.  Even Plaintiff concedes that such notification can be reasonably understood as necessary under the circumstances.  (Response at 9 ("While perhaps a notification of termination was reasonably necessary …."))  This is precisely the type of privileged communication by an employer that courts have repeatedly held cannot give rise to a defamation claim.

Nor does Plaintiff's assertion that the termination notice was published too broadly withstand scrutiny.  (Response at 9)  Hibu and Pocock were required to explain Plaintiff's termination broadly, given that Plaintiff was the President of the company.  Plaintiff's termination directly altered workflows and the company's leadership structure, and hibu's employees needed to be informed of these changes.[2]

---

[2]   The Michigan state court decision Plaintiff cites, is not to the contrary.  There, unlike here, the court found that an employer abused privilege by explaining a plaintiff's termination to his "fellow employees in the identical work."  *Sias v. General Motors Corp.*, 372 Mich. 542, 548 (Mich. 1964).  This hardly compares to the situation here, where the termination affected reporting relationships up and down the chain of the company.

And it is perfectly appropriate for the Court to determine and conclude that the termination statement cannot support a claim for defamation based on the allegations of the Complaint and the statement itself. *Miketic v. Baron*, 450 Pa. Super. 91, 97-98 (Pa. Super. Ct. 1996), which Plaintiff cites, is not to the contrary. Plaintiff argues that "It is … a question of fact for the jury whether a privilege has been abused." (Response at 8) But *Miketic* stands for the **exact opposite** proposition. In *Miketic*, a doctor sued her former employer for disseminating an internal memorandum that explained her termination. *Id.* at 94-95. This memorandum accused the doctor of "gross insubordination," "unreasonable[ness]," "lack[ing] concern for prior commitments," and using false identities, which the doctor asserted were defamatory statements. *Id.* The trial court dismissed the doctor's claim based on the pleadings alone, because she "alleged no facts in her complaint which would support an abuse of a conditional privilege." *Id.*

The Superior Court of Pennsylvania affirmed this dismissal, reasoning that:

[O]nce a matter is deemed conditionally privileged, the plaintiff must establish that the defendant abused that privilege. We agree with the trial court and find, as a matter of law, that Dr. Miketic's complaint failed to demonstrate facts which would support a finding that the publication was a result of malice or improper purpose. Specifically, Dr. Miketic's complaint alleges an abuse of privilege in a series of legal conclusions.

*Id.* at 104 (internal citations omitted). This Court should similarly dismiss Plaintiff's allegations here, as he has offered no facts to demonstrate that hibu or Michael Pocock abused the conditional privilege that the established law recognizes employers hold.

**Second**, Plaintiff's contention that the termination email was sent with malice asks the Court to overlook facts in the Complaint itself. (*See* Pl. Response at 9; Compl. at ¶72) Not surprisingly, Plaintiff is forced to ask this Court to ignore the explanation hibu gave for his termination. Plaintiff acknowledges that there was an investigation into whether he was having improper communications with hibu's former CEO during a sensitive time during the company's

6

transition, and that the investigation involved a review of his phone records and email communications.  And he admits that he had such communications:  "***Other than the fact that phone records allegedly showed that Mr. Walsh and Plaintiff spoke*** … there is no basis to have concluded that Plaintiff [was] disloyal or had engaged in any ***other*** type of actionable activity."  (Pl. Response at 9 (emphasis added))  He acknowledges that -- while he was still an executive at hibu -- he was having communications with the former CEO who was then attempting to purchase the company.  (*Id.*; Compl. at ¶¶ 3, 72.)  These allegations alone establish that hibu had a reasonable basis for concluding that termination was appropriate under the circumstances.

**Third**, Plaintiff cannot rebut the fact that the termination notice contained statements of the company's *opinion* that cannot support a claim for defamation.  hibu's opinions that its investigation was "thorough" and that the company "considered" plaintiff's conduct to be "disloyal" are permissible statements of opinion.  Here again, Plaintiff fails to address, let alone rebut, the numerous authorities cited in Defendants' Motion to Dismiss that found dismissal of an employee's defamation claim based on similar opinions stated in a notice of termination.  *See* Mot. at 11-12; *Constantino v. Univ. of Pittsburgh*, 766 A.2d 1265, 1270 (Pa. Super. Ct. 2001) (affirming dismissal because "letters [that] ascribed to [terminated employee] conduct of an unspecified nature that made her unfit for her job as a clinical instructor" were incapable of a defamatory meaning); *Parano v. O'Connor*, 641 A.2d 607, 608 (1994) (statements that employee was "less than helpful in anything," "uncooperative, and adversarial" could not constitute defamation); *Gordon v. Lancaster Osteopathic Hosp. Ass'n, Inc.*, 489 A.2d 1364, 1369 (Pa. Super. Ct. 1985) (statements expressing a "lack of trust" and "lack of confidence" cannot constitute defamation); *Maier v. Maretti*, 671 A.2d 701, 704 (Pa. Super. Ct. 1995) (stating that an employee is insubordinate is "incapable of defamatory meaning").  hibu's statements of opinion

here are no different than those that courts have correctly found cannot support a claim for defamation.

## **CONCLUSION**

For the reasons stated above and in Defendants' Motion to Dismiss, Defendants respectfully submit that Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,


Dated:  November 28, 2014

*/s/ David J. Woolf*
William M. McSwain
David J. Woolf
Dennis M. Mulgrew, Jr.
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Telephone:     (215) 988-2700

Andrew R. McGaan, P.C.
Barack S. Echols
Matthew E. Nirider
Christopher S. Burrichter
KIRKLAND & ELLIS, LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Attorneys for Defendants*
*hibu PLC, hibu Inc., and Michael Pocock*

## **CERTIFICATE OF SERVICE**

I, Dennis M. Mulgrew, certify that on the date set forth below, I caused a true and correct copy of the foregoing Reply Memorandum In Support Of Defendants hibu Inc., hibu PLC, and Michael Pocock's Joint Motion To Dismiss to be served via ECF and email upon counsel for Plaintiff at the following:

Clifford Haines, Esq.
Hollie Knox, Esq.
Haines & Associates
1835 Market Street
Suite 2420
Philadelphia, PA 19103
chaines@haines-law.com
hknox@haines-law.com

Dated:  November 28, 2014                         */s/ Dennis M. Mulgrew*
                                                              Dennis M. Mulgrew